HIRAM P. ABBEY v. M. K. SHINER.

No. 97.

**1. Fencing with the Owner's the Land of Another.**—Appellee built a fence, which, with fences of others, enclosed a pasture of 20,000 acres. Within this enclosure were six sections of land belonging to appellant. Appellee grazed his own stock in the pasture, and at different times appellee and his foreman took stock for pasturage in said pasture. There was no evidence to show how much of the time appellant's land was subject to this character of use. *Held*, that such acts did not render appellee liable to appellant for rent of his land. Pace v. Potter, 85 Texas, 473.

**2. Erroneous Charge.**—If on the evidence no other verdict could have been rendered, an error in the charge will not be ground for reversal.

APPEAL from Frio. Tried below before Hon. R. W. HUDSON.

*Mason Maney*, for appellant.

No brief for appellee reached the Reporter.

JAMES, CHIEF JUSTICE.—*Conclusions of Fact.*—1. In the fall or summer of 1884 defendant Shiner built a fence, which, with fences of other persons already constructed, enclosed a pasture of over 20,000 acres. Within this enclosure were six sections belonging to appellant. The fence built by defendant was entirely on land his own or controlled by him.

2. That defendant's pasture was used for grazing his cattle and horses. The evidence also shows that during the years 1884 to 1887 inclusive (the petition claiming rents was filed October 29, 1887), Shiner at different times took cattle for pasturage, and his foreman at different times run sheep in the pasture; but there is nothing to show how often or for how long or to what extent these uses were made of the pasture.

3. It also appears that three persons, named Brown, Smith, and Cunningham, claimed lands in defendant's pasture, and during said period run their stock loose in the pasture.

4. Except as above stated, defendant had control of the pasture, and stock not belonging there would be rounded up and turned out.

5. There was no agreement between plaintiff and defendant concerning the plaintiff's land, and the suit is brought for the reasonable rental value thereof during said period.

6. The evidence shows that there was a public road through the pasture, and that there were gates for entrance and exit, the evidence not disclosing how many gates.

7. The value of the use of the land belonging to plaintiff was 5 cents per acre per annum.

8. The cause was tried by a jury; yet as to the facts as above stated, there was no conflict in the evidence.

9. The following charge is assigned as error: "If you believe from the evidence, that the defendant did not occupy, use, and enjoy the land as set out in the petition of plaintiff, exclusively to himself or those holding under him; and that said land was enclosed in the pasture of the defendant with no intention of so using it, but was necessary to the proper use and enjoyment of the land of defendant; and that the plaintiff did not request the defendant to fence the land of plaintiff to itself, and the plaintiff was in nowise obstructed in the free use and enjoyment of his property; and that the enclosure of "plaintiff" embraced a large body of land, and other persons were living on land within said enclosure, then and there, and had free use of the entire enclosure, with public roads and gates through and upon the same, which the public, and plaintiff as one of the public, had free ingress and egress out of and into said pasture; and that the only use that defendant ever made of said land was only temporary, and not permanent in character, then in this event, and if you believe from the evidence that this was the only use, occupation, and enjoyment that the defendant had or enjoyed of and to the land described in plaintiff's petition, the law would not imply a promise to pay on part of the defendant, and you should find in favor of the defendant."

*Conclusions of Law.*—The charge complained of was erroneous, in that it was calculated to induce the jury to find against the plaintiff by reason of matters that would not exonerate the defendant from liability. It conveyed the idea to the jury that plaintiff could not recover if he did not request the defendant to fence plaintiff's land off to itself. We know of no statute or principle of law which imposes such a condition on plaintiff's right to recover for the use of his land. This instruction probably grew out of the Act of February 7, 1884 (Acts of 1884, page 69), which has no application to the facts of this case. If on the evidence any other verdict than the one returned could have been legally possible, the judgment would have to be reversed.

It has been held, that in this State the owner of unenclosed land has no right of action growing out of the entry and grazing of stock upon it. Davis v. Davis, 70 Texas, 124. Since this cause was tried, the Supreme Court has decided, upon a state of facts similar to those in this case, that where one encloses his own lands, and includes land of another within his fence, he does not become liable for the use of the other's land by using the pasture for his stock and allowing them to run at large therein; nor is there any obligation resting upon him to fence off the other's land. Pace v. Potter, 85 Texas, 473; Clarendon Agency Co. v. McClelland, 23 S. W. Rep., 576.

In order to render him liable, he must make some exclusive or special use of the land not belonging to him. There is a difference between this

case and Pace v. Potter; as the record before us shows that defendant at times placed stock in the pasture which he took for pasturage, and his foremen at times run their sheep in the pasture; and presumably the land of plaintiff was subjected to such use from time to time along with the other lands in the enclosure. We doubt that this would make any difference in respect to defendant's liability; but it is not necessary for us to consider this aspect of the case, inasmuch as there was no evidence as to how much of the time plaintiff's land was subjected to this character of use. The jury were not afforded the means of determining how much of the time plaintiff's land was used in this special manner, assuming that it constituted a use for which he would be liable; and without some evidence on that subject no verdict for the plaintiff would have been allowed to stand.

As no other verdict could legally have been found than the one returned, errors in the charge become immaterial, and the judgment is affirmed.

*Affirmed.*